UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABMAN GLASTER, | : |
| Plaintiff, | : CIVIL NO. 3:CV-08-0193 |
| v. | : (Judge Caputo) |
| FEDERAL BOP- INMATE DESIGNATION AND CUSTODY CLASSIFICATION PERSONNEL/OFFICER (John Doe), *et al.*, | : |
| Defendants. | : |

**MEMORANDUM**

Plaintiff Abman Glaster, an inmate currently confined at the United States Penitentiary at Terre Haute ("USP Terre Haute") in Terre Haute, Indiana, commenced this *pro se* action by filing a Complaint pursuant to the provisions of 28 U.S.C. § 1331.  At the time he filed his Complaint, Plaintiff was an inmate at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania.  In his Complaint, he alleges that Defendants deliberately disregarded his disability by placing him in a unit at USP Lewisburg that does not have wheelchair accessible cells and showers.

Presently before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO") (Doc. 4).  For the reasons set forth below, Plaintiff's Motion will be denied.

**BACKGROUND**

Glaster arrived at USP Lewisburg on December 5, 2007.  On January 31, 2008, he initiated this action and filed a Motion for TRO.  In his Motion, Plaintiff alleges that he was denied access to handicap facilities at USP Lewisburg (i.e*.,* bathroom and shower) even though his left leg is amputated above the knee.  Plaintiff did not make a request for

relief in his Motion.  However, in his Amended Complaint, he raises the same allegations and requests monetary damages and "injunctive relief by ordering the BOP to stop violating [his] rights to have access to handicap facilities, (i.e. shower, cell, T.V. room etc.) and [his] need for safety."[1]  (Doc. 15 § 5.)

In their Brief in opposition to Plaintiff's Motion (Doc. 17), Defendants represented that, on April 2, 2008, a "Medical/Surgical and Psychiatric Referral Request" was prepared by USP Lewisburg staff requesting that Glaster be transferred to another BOP institution that would be better suited to facilitate his needs in light of his amputation.  (*See* Doc. 18-1 at 5; Doc. 18-2 at 14, 16-18.)  On June 9, 2008, a Notice was filed by the BOP stating that Glaster has been transferred to USP Terre Haute.  (Doc. 26.)

## DISCUSSION

It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy."  *Steffel v. Thompson*, 415 U.S. 452, 459 (1974).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Id.* at 459 n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects."  *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).  A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the

---

1.  Plaintiff's Amended Complaint is the same in substance as his Complaint.  He filed an Amended Complaint at the Court's direction because he failed to sign his original Complaint.  (*See* Doc. 11.)

conditions he alleges are unconstitutional. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

Glaster has been transferred to USP Terre Haute. (*See* Doc. 26.) There is nothing in the record to suggest that it is likely that he will return to USP Lewisburg in the foreseeable future. Consequently, Glaster's request for injunctive relief in his Motion for TRO and his claim for injunctive relief in his Complaint are moot and will be dismissed. *See Fortes v. Harding,* 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief."). However, the Court recognizes that a prisoner's transfer or release does not moot his claims for damages. *See Muslim v. Frame*, 854 F. Supp. 1215, 1222 (E.D. Pa. 1994) ("an alleviation of an alleged unconstitutional condition does not moot a prisoner's claim for actual and punitive damages.").

An appropriate Order follows.


June 24, 2008                                                            s/ A. Richard Caputo
                                                                     A. RICHARD CAPUTO
                                                                     United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABMAN GLASTER, : | |
| : | |
| Plaintiff, : | CIVIL NO. 3:CV-08-0193 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| FEDERAL BOP- INMATE DESIGNATION : | |
| AND CUSTODY CLASSIFICATION : | |
| PERSONNEL/OFFICER (John Doe), *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER

**AND NOW, THIS 24th DAY OF JUNE, 2008, IT IS HEREBY ORDERED AS FOLLOWS**:

    1.    Plaintiff's Motion for Temporary Restraining Order (Doc. 4) is **DENIED** as moot.

    2.    Plaintiff's claim for injunctive relief in his Amended Complaint (Doc. 15) is **DISMISSED** as moot.

    s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge