UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABMAN GLASTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:CV-08-0193 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| FEDERAL BOP- INMATE DESIGNATION AND CUSTODY CLASSIFICATION PERSONNEL/OFFICER (John Doe), *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Abman Glaster, an inmate currently confined at the United States Penitentiary at Terre Haute ("USP Terre Haute") in Terre Haute, Indiana, commenced this *pro se* action by filing a civil rights complaint under 28 U.S.C. § 1331.[1] At the time of filing, Plaintiff was an inmate at the United States Penitentiary at Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania.

Presently before the Court is Defendant the United States of America's Motion to Strike the Waiver of Service Summons form filed on behalf of Defendant Federal BOP- Inmate Designation and Custody Classification Personnel/Officer (John Doe) (Doc. 38). For the reasons set forth below, the Motion will be granted.

---

1. Glaster failed to sign the Complaint, and thus by Order dated February 20, 2008, he was directed to sign the Complaint and re-file it within ten days. The Amended Complaint (Doc. 15) was filed on March 4, 2008.

In his Complaint, Glaster alleges that Defendants deliberately disregarded his disability, which he identifies as a left leg amputation above the knee, by placing him in a unit at USP Lewisburg that does not have wheelchair accessible cells and showers. He names the following Defendants: "Federal BOP-Inmate Designation and Custody Classification Personnel (John Doe)"; Warden Troy Williamson; Associate Warden Frank Strada; Physician Assistant Francis Fasciana; Case Manager Bill Wagner; and Medical Director John Doe. On August 21, 2008, the Clerk of Court issued a Summons.

On October 23, 2008, two Waiver of Service of Summons forms were filed. The first form was filed by L. Cunningham, Supervisory Attorney at USP Lewisburg, on behalf of Defendants Williamson, Strada, Fasciana, and Wagner. (*See* Doc. 37 at 1.) The second form was filed by Sonya E. Cole, Assistant General Counsel at the Federal Bureau of Prisons ("BOP") Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, on behalf of the DSCC. (*See id.* at 2.)

In the instant Motion, Defendant requests that the second form be stricken on the basis that Cole signed and filed the form in error. In an Affidavit (Doc. 39-2), Cole represents that, as Assistant General Counsel at the DSCC, she provides litigation support to the BOP legal staff on lawsuits filed by inmates in BOP custody involving sentence computations and designations. (*See* Doc. 39-2 at 2 ¶ 1.) Cole states that, when she received a copy of Glaster's Complaint along with waiver of service forms at her office, she signed and returned the waiver of service form. (*See id.* ¶ 2.) However, she represents that, as Assistant General Counsel, she neither decides where federal inmates are designated nor is involved in medical designation decisions, and thus, her duties do not

2

correspond with Plaintiff's description of the "John Doe" he names as a Defendant.  (*See id.* ¶ 3.)  Thus, Cole states that it was error for her to sign and return the form.  (*See id.*)

Indeed, in his Complaint, Glaster does not name the DSCC as Defendant, but rather names a John Doe employed by the DSCC, and alleges that this John Doe "designated me to a prison where I am not being accommodated for my disability.  Also they overlooked my need for safety by not designating me to a medical facility since 11/28/07."  (*See* Doc. 15 at 3 § IV ¶ 1.)  Because Glaster has not yet identified the John Doe Defendant, the Waiver of Service of Summons form (Doc. 37 at 2) was filed in error, and thus the Motion to Strike will be granted.[2]

**NOW, THEREFORE, THIS 10th DAY OF NOVEMBER, 2008**, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.   Defendant the United States of America's Motion to Strike the Waiver of Service of  Summons form filed on behalf of Defendant Federal BOP- Inmate Designation and Custody Classification Personnel/Officer (John Doe)(Doc. 38) is **GRANTED**.

2.   The Clerk of Court shall **STRIKE** the waiver of service summons form

---

2.   Plaintiff is forewarned that John/Jane Doe defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed."  *Johnson v. City of Erie*, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted).  Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them.  *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be dismissed, if discovery yields no identities.").

signed by Sonya E. Cole, Esquire on behalf of Defendant Federal BOP- Inmate Designation and Custody Classification Personnel/Officer (John Doe) (Doc. 37 at 2).

                                                s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge