# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABMAN GLASTER,

    Plaintiff

v.

FEDERAL BOP-INMATE DESIGNATION AND CUSTODY CLASSIFICATION PERSONELL/OFFICER (JOHN DOE), *et al.*,

    Defendants

CIVIL NO. 3:CV-08-0193

(Judge Caputo)

# ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 27, 2009, Abman Glaster filed a Motion for an Emergency Injunction in this matter requesting the following: (1) to be taken to an outside medical facility for surgery he believes he needs; and (2) a modification of his custody level. (*See* Docs. 74 - 76.) A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Thus, a party moving for preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. (*Id.*) A preliminary injunction is an extraordinary remedy that should be granted only if the requesting party shows: (1) a likelihood of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) granting the injunction will not result in irreparable harm to the non-moving party; and (4) granting the injunction

is in the public interest. *Ace American Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 Fed. Appx. 727 (3d Cir. 2009)(citing *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). "A party's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Ace American Ins.*, 306 Fed. Appx. at 730-731 (citing *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151m 153 (3d Cir. 1999)).

In this case, the alleged circumstances leading to the present motion bears little resemblance to the allegations of the Amended Complaint. Mr. Glaster's medical care, specifically his need for surgery, was never the subject of the present action, nor was his custody level ever at issue. Furthermore, we note that Mr. Glaster was transferred from USP-Lewisburg to USP-Terre Haute, on May 14, 2008, and thus the named defendants are no longer responsible for present day decisions related to his medical care or custody classification.

**AND NOW, this** 13th **day of August, 2009,** it is ordered that Abman Glaster's Motion for Emergency Injunction (Doc. 74) is **DENIED**.

／s／ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**