IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABMAN GLASTER, : | |
| : | |
| **Plaintiff** : | |
| : | CIVIL NO. 3:CV-08-0193 |
| v. : | |
| : | (Judge Caputo) |
| FEDERAL BOP-INMATE : | |
| DESIGNATION AND CUSTODY : | |
| CLASSIFICATION : | |
| PERSONELL/OFFICER (JOHN : | |
| DOE), *et al.*, : | |
| : | |
| **Defendants** : | |

M E M O R A N D U M

I.  Introduction

Plaintiff Abman Glaster, a federal inmate proceeding *pro se* and *in forma pauperis*, commenced this *Bivens*[1] action alleging that defendants deliberately disregarded his disability (an above the knee amputation) by placing him in a unit at the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg) that did

---

[1] A *Bivens* claim is a constitutional tort claim named after the case in which the claim was first accepted, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It is the claim against federal officers that is the counterpart to a claim against state officers under 28 U.S.C. § 1983. *See Egervary v. Young*, 366 F.3d 238, 246 (3rd Cir. 2004). Consequently, it has been held that the principles and analysis applicable to § 1983 actions are equally applicable to *Bivens*-type actions. *See Schrob v. Catterson*, 948 F.2d 1402, 1408-1409 (3d Cir. 1991) (". . . courts have generally relied upon the principles developed in the case law applying § 1983 to establish the outer perimeters of a *Bivens* claim against federal officials."). Thus, in order to establish a *Bivens* claim, a plaintiff must satisfy the requirements under Section 1983.

not have a handicap equipped cell or bathroom. Named as defendants are Warden Troy Williams; Associate Warden Frank Strada; Physician Assistant (PA) Francis Fasciana; and Case Manager Bill Wagner. Mr. Glaster seeks compensatory and punitive damages; and injunctive relief in the form of a transfer to handicap facility which could better accommodate his disability and allow his participation in programming.[2]

On November 24, 2008, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. (Doc. 42.) In their motion, Defendants argue that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies. For the reasons that follow, the Defendants' motion for summary judgment will be granted.

## II.     Statement of Relevant Facts

The following facts are undisputed, and unless otherwise noted, are presented in the light most favorable to Mr. Glaster.[3] Mr. Glaster arrived at USP-Lewisburg on December 5, 2007, with a left leg amputation above the knee. (Doc. 15, Amended Complaint.) He was transferred from USP-Lewisburg to USP-Terre

---

[2] On June 24, 2008, the Court dismissed Mr. Glaster's claims of injunctive relief noting his May 18, 2008, transfer to another Bureau of Prisons (BOP) facility, USP-Terre Haute, in Terre Haute, Indiana, where he presently is housed. (*See* Doc. 28.)

[3] Mr. Glaster did not file a counterstatement of material facts in response to Defendants' Statement of Material Facts (doc. 45). *See* Local Rule 56.1 (requiring "a separate short and concise statement of material facts" responding to the numbered paragraphs in the moving party's statement of material facts). Failure to do so results in the admission of the moving party's material facts.

-2-

Haute on May 18, 2008. (Doc. 45, Defendants' Statement of Material Facts (DSMF) at ¶ 1.) USP-Lewisburg is a care level two facility, while USP-Terre Haute is a care level three facility. (*Id.*) A care level three institution is equipped to manage inmates with more medical needs than at a care level two institution. (DSMF at ¶ 3.)

All individuals incarcerated in institutions operated by the BOP may challenge any aspect of their confinement using the BOP's procedures for filing a Request for an Administrative Remedy. (*See* 28 C.F.R. § 542.10, *et seq.*; DSMF at ¶ 4.) First, an inmate is to informally present the issue of concern to prison staff via an informal request (BP-8). If that does not resolve the issue, the inmate must submit a formal request for administrative relief (BP-9) to the Warden. (*See* 28 C.F.R. § 542.14; DSMF at ¶ 5.) An inmate who is not satisfied with the Warden's response may submit an appeal to the Regional Director (BP-10). (*See* 28 C.F.R. § 542.15; DSMF at ¶ 6.) If dissatisfied with the response from the Regional Director, the inmate may submit an appeal to the General Counsel (BP-11). (DSMF at ¶ 7.) The appeal to the General Counsel is the final step in the administrative remedy process. No administrative appeal is considered to be final until a decision is reached on the merits by the General Counsel's office. (DSMF at ¶¶ 7-8.) Throughout the BOP administrative remedy process, if the inmate does not receive a response within the time allotted for reply to a request or appeal, the inmate may consider the absence of a response to be a denial at that level. (*See* 28 C.F.R. § 542.18.)

Defendants provide the declaration of L. Cunnigham, a Supervisory Attorney at USP-Lewisburg, who affirms that Mr. Glaster did not file a single request for

administrative remedy prior to the filing of this action. (*See* Doc. 45-2 at R. 4,[4] Administrative Remedy Generalized Retrieval as of October 22, 2008; DSMF ¶¶ 10 - 11.) The sole administrative remedy attributed to Mr. Glaster was filed in July 2008, after his transfer to USP-Terre Haute, and concerned his request to have his classification status lowered. (Doc. 45-2 at R. 3, Cunningham Decl. at ¶¶ 4-5; DSMF at ¶¶ 12-15.) According to BOP records, Mr. Glaster did not complete the BOP's administrative remedy process with regard to any of the issues raised in his Amended Complaint. (DSMF at ¶ 16.)

Mr. Glaster filed the Complaint in this matter on January 31, 2008. (Doc. 1, Complaint.) After his failure to sign the Complaint was brought to his attention, Mr. Glaster promptly signed it and resubmitted it to the Court on March 4, 2008. (Doc. 15, Amended Complaint.) The Amended Complaint, is identical to the original Complaint, except that it is signed. In the Amended Complaint, Mr. Glaster admits that he did not file a grievance concerning the facts relating to his Complaint and Amended Complaint. (Doc. 1 at R. 1; Doc 15 at R. 1.) As explanation for this failure, he notes that defendants were aware

> through [his] pre-sentence report that [he is] disabled and [that they] didn't designate [him] to a prison that would accom[m]odate [his] disability and, at the time of entering [USP-Lewisburg] officials were made aware that [he is] a disabled person due to a left leg amputation above the knee, and that there existed a need for handicap accom[m]odations for [his] disability, (i.e. handicap

---

[4] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

-4-

>    accessible cell and shower) and officials deliberately
>    disregarded that need

(*Id*. at R. 2.) Mr. Glaster adds that he began the grievance procedure on December 26, 2007 by filing a BP-8 and that as of January 22, 2008, "nothing has been done." (*Id*.)

### III.    Standard of Review

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to nonmoving party. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

### IV.    Discussion

*A.    The Prison Litigation Reform Act's Exhaustion Requirement.*

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.C. 2378, 2383, 165 L.Ed.2d 368 (2006). This means

that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." (*Id.*)  The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. (*Id.*)  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). Further, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).  The Supreme Court has clearly stated that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212, 127 S.C. 910, 918-19, 166 L.Ed.2d 798 (2007).  Finally, the Third Circuit Court of Appeals has stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006)(not precedential).

   A prisoner is not required to allege that administrative remedies have been exhausted. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002).  Failure to exhaust available administrative remedies is an affirmative defense.  (*Id.*)  As such, it must be plead and proven by the Defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

*B. Mr. Glaster's Failure to Properly Exhaust his Administrative Remedies.*

Defendants assert that Mr. Glaster failed to properly exhaust his administrative remedies prior to filing his initial, or amended, complaint in this action. Defendants base their assertion on: (1) Mr. Glaster's admission within the Amended Complaint stating he failed to exhaust his available administrative remedies; and (2) the absence of any record within the BOP's computerized grievance tracking system of any grievance filed by him prior to the initiation of this lawsuit.

Mr. Glaster seeks to excuse his failure to complete the BOP's administrative remedy process on two theories. First, that the filing of a formal grievance was unnecessary as the defendants "were put on notice through [his] presentence report that handicap accommodations were required." (Doc. 47, Glaster's First Opposition Brief.) Defendants' awareness of his disability does not required them to anticipate his unarticulated need for specific accommodations due to his disability. Clearly even if Defendants read Mr. Glaster's pre-sentence report, contrary to his suggestion, this does not constitute "proper" exhaustion under the BOP's Administrative Remedy procedures. *See Spruill*, 372 F.3d at 228, 231.

Next, relying upon *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004), Mr. Glaster suggests that upon obtaining a favorable ruling to his informal resolution, he was not required to complete the BOP's administrative remedy process as to this claim. His reliance on *Abney, supra,* is misplaced. In *Abney*, plaintiff filed several grievances concerning orthopedic footwear. On several occasions his grievances were accepted and he was scheduled to see a podiatrist to obtain the proper

footwear. Over the course of several years and ill-fitting footwear, he eventually filed a civil rights action complaining about the problems in obtaining properly fitting orthotics. Defendants moved to dismiss on the basis that Abney had not exhausted his administrative remedies prior to filing suit because he did not appeal the resolution of his favorable grievance responses. The Second Circuit Court of Appeals found that it "impracticable" and "counterintuitive to require inmates who win during the grievance process to appeal their victories" within the brief 4 day appeal window allowed under the prison's grievance policy. *Abney*, 380 F.3d at 669. The Second Circuit Court of Appeals held that where "prison regulations do not provide a viable mechanism for appealing implementation failures, prisoners in Abney's situation have fully exhausted their available remedies. A prisoner who has not received promised relief is not required to file a new grievance where doing so may result in a never-ending cycle of exhaustion." (*Id*.) The *Abney* Court found that where defendants failed to implement the multiple favorable rulings, no further administrative relief was "available" to him. Mr. Glaster's situation, however, was significantly different than Abney's.

First, Mr. Glaster suggests that he, like Abney, obtained a favorable response to his December 26, 2007 informal resolution,[5] relieving him of any further obligation to complete the BOP's administrative remedy process. (Docs. 52 and 54, Mr.

---

[5] His informal resolution concerned "not having access to a handicap bathroom facility and shower." (Doc. 54, Third Opposition Brief.)

Glaster's Second and Third Opposition Briefs.)[6]  The facts do not support such a finding.  Although he admits that his BP-8 "was never returned" to him, he suggests that his January 24, 2008, move to a handicap cell with access to a handicap bathroom, which occurred a little less than a month after the filing of his informal resolution, is indicative of a successful informal resolution determination.  (Doc. 54, Third Opposition Brief at R. 1.)  Applying these facts to the BOP's administrative remedy process, the Court cannot view Mr. Glaster's fortune of obtaining a cell change as an unwritten belated favorable response to his informal resolution.  Mr. Glaster has not provided the Court with any evidence that he ever filed an informal remedy request in December 2007, or that it was "resolved" in his favor at any level.  Mr. Glaster's assertion that he abandoned his administrative remedies specifically because he and the BOP had reached an understanding as to his desire to be housed in a handicap cell and have access to handicap bathroom facilities is wholly unsupported by the record.  Next, unlike Abney who had no "available" administrative remedy to challenge the prison's failure to implement the favorable grievance responses he obtained, the BOP's administrative remedy procedures specifically advises inmates like Glaster, who file requests or appeals which are not responded to by prison officials in the appropriate time frame, absent any enlargements, that the lack of response is to be treated as a denial at that level. *See* 28 C.F.R. § 542.18.  Thus, if Mr. Glaster did file an informal resolution on

---

[6]  These documents were filed more than fifteen days after Defendants filed their Reply Brief (Doc. 48).  As such, Defendants did not have the opportunity to address the arguments raised in these documents.

December 26, 2007, and he did not receive a response within five days (as he knew he should), he was to consider the matter denied at the informal level and proceed to the next stage of the BOP's administrative remedy process. He did not do so. As such, any claims related to Mr. Glaster's dissatisfaction with the BOP's decision to house him in A block without access to a handicap cell or bathroom are procedurally defaulted as he failed to substantially comply with the BOP's grievance system without excuse.

Finally, to the extent that Mr. Glaster seeks to challenge his alleged difficulties in accessing laundry, library, and recreation facilities at USP-Lewisburg, which were the subject of his February 6, 2008, BP-8, any such claims are also procedurally defaulted. (*See* Doc. 54, Third Opposition Brief.) Mr. Glaster does not come forward with any evidence demonstrating his full exhaustion of this informal resolution, or a basis to excuse his substantial compliance with the BOP's administrative remedy process. Nonetheless, even if he had completed the administrative remedy process as to these claims, they would still be subject to dismissal as Mr. Glaster commenced the exhaustion of these issues after filing his Complaint. *See Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006). Mr. Glaster's initiated this action on January 31, 2008. His BP-8 as to his programming issues was filed on February 6, 2008. Hence, any claims arising from issues presented in his February 6, 2008, informal resolution are unexhausted and subject to dismissal.

The record before the Court as to Mr. Glaster's exhaustion efforts is clear and uncontested. Mr. Glaster failed to properly exhaust his administrative remedies

before filing this action, and thus defendants' are entitled to summary judgment.

An appropriate Order follows.

                                    **/s/ A. Richard Caputo**
                                    **A. RICHARD CAPUTO**
                                    **United States District Judge**

**Date: August 13, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABMAN GLASTER,<br><br>    Plaintiff<br><br>    v.<br><br>FEDERAL BOP-INMATE DESIGNATION AND CUSTODY CLASSIFICATION PERSONELL/OFFICER (JOHN DOE), *et al.*,<br><br>    Defendants | CIVIL NO. 3:CV-08-0193<br><br>(Judge Caputo) |

**O R D E R**

**AND NOW, this  13th  day of August, 2009**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Motion for Summary Judgment (Doc. 42) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of the defendants and against the plaintiff.

3. The Clerk of Court is directed to close this case.

4. An appeal from this order is deemed frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                                /s/ A. Richard Caputo
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**